IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

FILED

March 26, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

VIRGINIA SHANKEL,           )   SULLIVAN LAW
                            )   C. A. NO. 03A01-9710-CV-00478
        Plaintiff-Appellant )
                            )
                            )
                            )
                            )
                            )
vs.                         )   HON. JOHN S. McLELLAN, III
                            )   JUDGE
                            )
                            )
                            )
                            )
                            )
TINA MARIE MORRIS and WILLIAM )  AFFIRMED AND REMANDED
JARREL MORRIS,              )
                            )
        Defendants-Appellees )


DAVID S. HAYNES for plaintiff-appellant.


STEVEN C. ROSE, for Farmers Mutual Insurance Company.


O P I N I O N


                                        McMurray, J.


        This case was instituted to recover damages for alleged
injuries resulting from an automobile accident between an automo-
bile in which the plaintiff was a guest passenger and an automobile

driven by the defendant, Tina Marie Morris. The personal injury case was settled. This is a dispute between the plaintiff and Farmers Mutual Insurance Company regarding attorney's fees to which the plaintiff claims to be entitled for services rendered in the recovery of medical expenses for which Farmers Mutual asserts a subrogation interest.

The appellee, Farmers Mutual Insurance Company, was brought before the court pursuant to T.C.A. § 56-7-1206 as an uninsured/underinsured motorist insurance carrier and is an unnamed party.

Three persons were injured in the accident including the plaintiff here. They incurred medical expenses in the total amount of $6,359.60. Farmers Mutual paid the medical expenses under the "medical payments" provisions of the policy rather than the uninsured/underinsured provisions of the policy. There is no dispute as to Farmers Mutual's right of subrogation. As a part of the settlement, defendants' liability insurance carrier, Atlanta Casualty Companies, paid a sum equal to the claim of Farmers Mutual into the registry of the court to be held pending a decision by the trial court as to whether the plaintiff's attorney was entitled to attorney's fees from the proceeds otherwise due Farmers Mutual by its subrogation rights. The trial court resolved the issue in

2

favor of Farmers Mutual and this appeal resulted.  We affirm the judgment of the trial court.

The plaintiff questions, on this appeal, the propriety of the trial court in failing to award plaintiff's attorney a reasonable fee from Farmers Mutual for services rendered in connection with recovery of the amount claimed under the subrogation rights of Farmers Mutual.  The record before us is somewhat meager and does not contain any pleadings filed by Farmers Mutual.  Both the plaintiff and Farmers Mutual assert in their briefs, however, that Farmers Mutual, through its attorney, filed an answer to the complaints in which, among other things, Farmers Mutual asserted its subrogation interest.  The plaintiff asserts in her brief that Farmers Mutual was dismissed from the case after the answer was filed alleging that "there was no underinsured insurance problem, and asked to be striken from the case."  She further asserted that the attorney for Farmers Mutual "participated no further ... either in the preparation of the case, nor in settlement proceedings."  On the other hand, Farmers Mutual insists in its brief that plaintiff was notified of its attorney's involvement and that the attorney for Farmers Mutual endorsed all further pleadings thereafter.

The real issue in this case involves a mixed question of law and fact.  First, it must be determined if the facts of the case demonstrate that a contract, express or implied, existed between

3

the plaintiff and Farmers Mutual, whereby the plaintiff's attorney would represent the interests of Farmers Mutual regarding its subrogation claim. If it is established that there was such a contract, then the plaintiff's attorney is entitled to a reasonable fee for his professional services. On the other hand, if the facts fail to demonstrate the existence of a contract, the plaintiff cannot recover attorney's fees. <u>See</u> <u>Boston, Bates & Holt v. Tennessee Farmers Mutual Insurance Company</u>, 857 S.W.2d 32 (Tenn. 1993) and <u>Travelers Ins. Co. v. Williams</u>, 541 S.W.2d 587 (Tenn. 587).

The briefs of the parties cannot generally be considered as evidence or as establishing any fact. Both plaintiff and Farmers Mutual set forth "facts" in their briefs. "These 'facts' cannot be considered. They are not a part of the record." <u>McDonald v. Onoh</u>, 772 S.W.2d 913, 914 (Tenn. App. 1989).

The only documents in the record relating to attorney's fees are: (1) a motion by plaintiff's attorney for a ruling on the plaintiff's entitlement to attorney's fees from the medical expenses paid into court; (2) affidavits of plaintiff's attorney, David S. Haynes, with attachments; (3) an agreed order; and (4) the order of distribution ordering that the monies held by the court be paid to Stephen C. Rose, the attorney for Farmers Mutual.

4

The agreed order referred to in the preceeding paragraph recited that "[t]he order of distribution filed by the court was based upon the affidavits of David S. Haynes, Atty., and the answer of Tennessee Farmers Mutual, which referred to its subrogation rights, which answer was filed in the [case of] Bertha E. King v. Morris, et al, CA 2331 and not filed in the case of Shankel, CA 2341."  The order further recited that "the order of distribution was filed in the case of Virginia Shankel v. Morris, CA 2341."

The agreed order referred to above also ordered:

1.  The motion of David S. Haynes, Atty., seeking distribution of the $6,359.00 (sic) and the affidavit in support of the motion, which were filed in CA 2331 (Bertha King), shall be marked filed in CA 2341 (Shankel), nunc pro tunc, as of the same filing date in CA 2331, i.e., 9/12/97.

2.  The answer of Tenn. Farmers Mutual filed in CA 2331 (Bertha King) on April 5, 1995, shall be marked as filed, nunc pro tunc, as of the same filing date, i.e., April 5, 1995, in CA 2341 (Shankel).

3.  The motion, affidavit and answer referred to in 1 and 2 above, and the remainder of the technical record of CA 2341 (Shankel) are the documents referred to and relied upon by the court as its basis for the order of distribution filed in CA 2341 (Shankel).

The agreed order notwithstanding, the answer of Farmers Mutual is not contained in the record.  "The appellant has the primary burden to see that a proper record is prepared on appeal and filed

5

in this court. Tenn. R. App. P. 24."  McDonald v. Onoh, supra.

Nevertheless, we will accept the statements in the respective

briefs, to the extent that they are not contradictory, and consider

the answer as having been filed.  In plaintiff's brief we find the

following statement:

> Farmers Mutual filed a responsive pleading, stating
> that there was no underinsured motorist problem, asking
> to be dismissed as a defendant, and asserting that it,
> Farmers Mutual, claimed its subrogation rights to an
> unspecified amount of medical bills paid on behalf of the
> three plaintiffs.

In the brief filed on behalf of Farmers Mutual, we find the

following:

> Following the initiation of suit, Tennessee Farmers
> Mutual Insurance Company retained counsel and filed its
> answer asserting:
>
> 10. Tennessee Farmers Mutual Insurance Company,
> pursuant to its contract of insurance, has made the
> payments pursuant to the medical payments provision
> of its policy and would be entitled to a credit for
> said amounts against any amounts it would owe and
> would be entitled to subrogation and a return of
> said sum if paid by the underlying liability car-
> rier, if the defendants have liability insurance.
> Further, Tennessee Farmers Mutual Insurance Company
> has made certain payments for property damage and
> would be entitled to subrogate against the defen-
> dant for said sums paid pursuant to its policy of
> insurance.

Viewing the record before us as a whole, together with the statements in the briefs, we find that there is no basis for finding that a contract, either express or implied, existed between the plaintiff and Farmers Mutual. Accordingly, we affirm the judgment of the trial court.

Costs are assessed to the appellant. This case is remanded to the trial court for such other and further action as may be necessary.

_____
Don T. McMurray, Judge


CONCUR:


_____
Houston M. Goddard, Presiding Judge

_____
Herschel P. Franks, Judge

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

VIRGINIA SHANKEL,          )  SULLIVAN LAW
                                 )  C. A. NO. 03A01-9710-CV-00478
        Plaintiff-Appellant   )
                                 )
                                 )
                                 )
                                 )
vs.                      )  HON. JOHN S. McLELLAN, III
                                 )  JUDGE
                                 )
                                 )
                                 )
                                 )
                                 )
TINA MARIE MORRIS and WILLIAM  )  AFFIRMED AND REMANDED
JARREL MORRIS,             )
                                 )
        Defendants-Appellees  )

**<u>JUDGMENT</u>**

This appeal came on to be heard upon the record from the Law Court of Sullivan County, and briefs filed on behalf of the respective parties. Upon consideration thereof, this Court is of the opinion that there was no reversible error in the trial court. Accordingly, we affirm the judgment of the trial court.

Costs are assessed to the appellant. This case is remanded to the trial court for such other and further action as may be necessary.

PER CURIAM